**FIRST NATIONAL BANK OF LAFAYETTE**

v.

**THE Oil Screw KING FISH, Her Engines, Tackle, Apparel, Etc.,**
and
**Morrison Gisclair and Morrel Martin.**
No. 3719.

United States District Court
E. D. Louisiana,
New Orleans Division.
April 7, 1959.

James J. Morrison, New Orleans, La., for libellant.

Comiskey & Schaff, New Orleans, La., for respondents.

CHRISTENBERRY, Chief Judge.

The Court having heard the evidence and the arguments of proctors, and having taken time to consider the matter, hereby makes the following findings of fact and conclusions of law:

Findings of Fact

I.

Respondents, Gisclair and Martin, signed as co-makers the negotiable promissory note in suit dated June 5, 1957, in the principal sum of $21,274.80, payable to the order of The Theriot Investment Company, who endorsed said note and delivered same to libelant, The First National Bank of Lafayette, who became the owner thereof before maturity, for valuable consideration.

II.

The aforementioned note is payable in thirty (30) monthly installments of $709.16 each, the first installment due June 15, 1957, and each month thereafter, with interest at the rate of 8% per annum after maturity, and provides for attorney's fees in the amount of 10% on the principal, interest and costs if placed in the hands of an attorney for collection. The note further provides for the acceleration of its maturity on failure to pay installments.

III.

Libelant, The First National Bank of Lafayette, acquired said note by endorse-

ment from The Theriot Investment Company in good faith for a valuable consideration and without any notice or knowledge of any defects therein or defenses thereto.

## IV.

Respondents admitted in their answer that they signed and endorsed the note sued upon, that they received consideration for their signatures, and that they made payments on the note amounting to $2,836.64. Respondents made no payments on account of principal or interest after January 25, 1958. Libelant has exercised its option to accelerate the maturity of the note. The principal amount due on said note as of January 25, 1958, amounted to $18,438.16.

## V.

The aforementioned note was secured by a United States Preferred Ship Mortgage on the Oil Screw King Fish, Official Number 270,828, owned by Gisclair and Martin, in the same amount as said note. The mortgage was executed on the Government printed form of Mortgage of Vessels, being U. S. Customs Form No. 1348; the Mortgage was signed by respondents, Gisclair and Martin, bore the signatures of two (2) witnesses, and the acknowledgment of a Notary Public in the manner provided by said form. The Mortgage was duly filed with the Collector of Customs at the Port of New Orleans, the home port of the Oil Screw King Fish, on June 5, 1957, at 3:00 P.M., in Book PM–27, Instrument No. 59; thereafter said mortgage was assigned to libelant, such assignment being duly registered with the Collector of Customs on the same date in Book PM–27, Instrument No. 60. Respondents executed and filed, along with the mortgage, an affidavit that the mortgage was made in good faith and without any desire to hinder, delay, or defraud any existing or future creditors of mortgagor or any lienor of the vessel. Respondents admitted receipt of certified copies of the mortgage after its recordation from the Collector of Customs.

## Conclusions of Law

### I.

 The defense raised by respondents that the note they signed was in blank, and that their agent, The Theriot Investment Company, filled same up for a greater amount than authorized is not a good defense against libelant, The First National Bank of Lafayette, who is a holder in due course of said note, under the Negotiable Instruments Law, LSA–R.S. 7:14.

### II.

 The further defense raised by respondents in their answer, that the United States Preferred Ship Mortgage put into circulation and made current by them is invalid because they failed to appear before the Notary who acknowledged same is unavailing because even if same were true, respondents would be estopped to assert any such defense based on their own wrongdoing.

### III.

 The further defense raised by respondents in their answer, that the United States Preferred Ship Mortgage is defective because the form of the acknowledgment is invalid is not a good defense because Louisiana Act 226 of 1920, LSA–R.S. 35:511 requires only the "signature and [the] title of the officer taking the acknowledgment"; see also LSA–R.S. 35:3. Furthermore, Louisiana Act 226 of 1920, LSA–R.S. 35:511, specifically validates "the forms of acknowledgment now in use in this State" as valid acknowledgments. The testimony of Mr. B. J. DeBlanc, Deputy Collector of Customs in charge of the Marine Division of the United States Customs, Port of New Orleans, establishes beyond doubt that acknowledgments substantially in the form of the acknowledgment of the Ship Mortgage in this case have been used on marine documents in Louisiana since at least as early as 1910.

### IV.

The First National Bank of Lafayette, libelant, is entitled to recover from re-

spondents Gisclair and Martin, jointly, severally and in solido, the balance due on said note, amounting to $18,438.16, together with interest at the rate of 8% per annum from January 25, 1958, and together with costs and attorney's fees in the amount of 10% on the principal, interest and costs.